IN THE UNITED STATES DISTRICT COURT
S~~N~~ Southern ~~NORTHERN~~ DISTRICT OF INDIANA
~~SOUTH BEND~~ Indianapolis DIVISION

**Richard Dodd**
    Plaintiff

    V

**Christina Reagle, Commissioner**
    Defendant
In her individual and official capacity

**FILED**

**01/04/2024**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

1:24-cv-00025-JRS-MJD

### 42 USC 1983 COMPLAINT

### Parties

**Richard Dodd** is an adult person currently incarcerated/confined to the Indiana Department of Corrections (Westville Correctional Facility) following the conviction of criminal offenses out of St. Joseph County. Plaintiff brings this action on his own behalf.

**Christina Reagle** The commissioner for the Indiana Department of Corrections is the duly appointed head of the department and is being sued in her individual and official capacity.

Being duly sworn upon my oath, I say that:

1.  I am an adult resident of the State of Indiana.
2.  I have been sentenced to the Indiana Department of Corrections after being convicted of attempted murder and burglary.
3.  I am currently in being housed in the Westville Correctional Facility.
4.  I signed up for the CPCT program after being informed by staff that the maximum credit that I could earn would not change once I signed up for the CPCT program and that the CPCT could allow me to earn the maximum amount of educational credit time possible.
5.  The idea was pitched to us inmates because it was found that less than 1 % were earning their total amount of applicable credit time off of their sentences.
6.  The CPCT program became effective January 1, 2022.

**7.** The law in Indiana provides that the maximum amount of educational credit that a prisoner can earn is the lesser of four (4) years or one third (1/3) of the prisoners total applicable credit time if the prisoner committed their offense prior to July 1, 2014. If the prisoner committed their offense after July 1, 2014, the maximum amount of credit time that a prisoner can earn is the lesser of two (2) years or a one third (1/3) of the prisoners total applicable credit time.

**8.** The IDOC classification Policy 01-04-101 specifically describes the total applicable credit time is to be based upon the offenders ***entire sentence; including any consecutive sentence.***

**9.** Plaintiff signed a contract with the state that would allow him to earn the **remainder** of the educational credit time; and the IDOC classification policy states the same word for word.

**10.** The 2020 Changes have led to the Indiana department of corrections creating a new program, The <u>C</u>ase <u>P</u>lan <u>C</u>redit <u>T</u>ime (CPCT); which provides for periodic reviews and allows for credit time to be given for progress in achieving the goals set in a prisoner's individualized case management plan. CPCT is mandatory for all prisoners entering the DOC after January 1, 2022. Prisoners who entered the DOC prior to January 1, 2022, were given the option of opting into the CPCT program.**11.** For prisoners who opted in, the DOC is calculating the applicable credit time based, not on their "total applicable credit time" -as prescribed by statute- but on the length of time between January 1, 2022 and their projected release date. This has resulted in plaintiff being limited to receipt of only 1/3 of the time left between January 1, 2022 and Dodd's current release date (5-31-25); as opposed to to the greater amount of time he would be permitted to earn if his total applicable credit time were calculated as prescribed by Indiana Law. This violates United States Constitution, Article I § 10 and Indiana Constitution, Article 1 § 24 and represents a violation of Ex Post Facto clause of both constitutions. This action is brought to Indiana law and 42 USC § 1983 to redress the deprivation, under color of state law, of Rights secured by the United States Constitution. Appropriate injunctive and declaratory relief along with compensation must issue.

**12.** Richard Dodd is an adult person currently confined to the Indiana Department of Corrections following the conviction of criminal offenses. He is confined to the Westville Correctional Facility located at 5501 s 1100 w; Westville, Indiana 46391.

**13.** The Commissioner of the Indiana Department of Corrections is the duly appointed head of the department.

## **FACTUAL ALLIGATIONS**

**14.** Plaintiff brings this action on his own behalf.

## CREDIT TIME AND THE IDOC

15.     Indiana Law provides that most prisoners may obtain certain amoundts of "good time credit" that reduces their sentence based on their good behavior. Indiana Code § 35-50-6-0.5(5).

16.     Whether a prisoner is eligible for good time credit depends on their credit class. Indiana Code § 35-50-6-3 (credit time classes for persons convicted before July 1, 2014) referring to credit classes I – IV.

17.     Most prisoners can qadvance to higher credit classes based upon good behavior.

18.     Indiana Law also provides that prisoners with credit class I, A, or B may be awarded educational credit if they demonstrate a pattern consistent with rehabilitation and obtain a GED, High School Diploma, Associate or Bachelor Degree, or if they successfully complete the following programs if approved by the IDOC – career, technical or vocational, substance abuse, literacfy and basic life skills, reformative or an Individualized case management plan. Indiana Code § 35-50-6-3.3(a),(b).

19.     Indiana law specifies the following concerning the amount of educational credit that can be earned by prisoners:

- 6 months for completion of a GED
- 1 year for graduating from a high school
- Not more than 1 year for completion of an Associates degree
- Not more than 2 years for completion of an Bachelors degree
- Not more than 1 year for completion of an career, technical or vocational programs
- Not more than 6 months for completion of a substance abuse program
- Not more than 6 months for completion of a literacy and basic life skills program
- Not more than 6 months for completion of a reformative program
- An amount determined by the IDOC under a ;olicy implementing the individualized case management plan, not to exceed the maximum specified in Indiana Code § 35-50-6-3.3(j)

<u>Indiana Code 35-50-6-3.3(d)(9)</u>

20.     Indiana Code 35-50-6-3.3(j) provides:

The maximum amount of educational credit a person may earn under this section is the lesser of:
    (1) two (2) years; or
    (2) one-third (1/3) of the person's total applicable credit time

21.     However, prior to July 1, 2014 the relevant statute provided that:

The maximum amount of educational credit a person may earn under this section is the lesser of:
    (1) four (4) years; or
    (2) one-third (1/3) of the person's total applicable credit time

Indiana Code § 35-30-6-3.3(i) (amended eff. July 1, 2014).

**22.** "Credit Time" is defined as "the sum of a person's accrued time, good time credit, and educational credit." Indiana Code 35-50-6-0.5(2). "Accrued Time" is "The amount of time that a person is imprisoned or confined." Indiana Code 35-50-6-0.5(3).

**23.** The Indiana Court of Appeals has noted that "total applicable Credit time" includes both "good time" and "educational credit" **State v Eckhardt, 687 N.E. 2d. 374, 377 (Ind. Ct. App. 1997)**

**24.** Application of good time credit and educational credit will reduce the original sentence of the prisoner and will create the earliest possible release date ("EPRD") for the prisoner.

## Case Plan Credit Time (CPCT)

**25.** CPCT provides for the development of the individual case management plan. The "individual case management plan" means educational credit which consists of a plan designed to address an incarcerated person's risk of recidivism, and may include:

    **(a)** addiction recovery treatment;

    **(b)** mental health treatment;

    **(c)** vocational educational programming;

    **(d)** adult basic education, a high school or high school equivalency diploma, a college diploma, and any other academic goal; or

    **(e)** any other programming or activity that encourages productive pursuits while a person is incarcerated and that may reduce the person's likelihood to recidivate after the person's release from incarceration.

Indiana Code 35-50-6-0.5(5).

**26.** CPCT is designed to allow prisoners to earn credit through the creation of the individual case management plans with goals that, if not met, will result in educational credit time being awarded, even if degree or other programs are not completed.

**27.** Under CPCT there are periodic reviews with staff during which a decision is made as to whether to award educational credit time.

**28.** For prisoners enrolled in CPCT with a sentence of less than six (6) years remaining on their sentence as of January 1, 2022, the prisoners will have three reviews at equal time increments prior to their release.

**29.** For prisoners enrolled in CPCT with remaining sentence of more than six (6) years remaining on their sentence as of January 1, 2022 will have annual reviews.

30. As noted, although CPCT is the only time cut structure available to prisoners now arriving within the IDOC, prisoners already within the IDOC prior to January 1, 2022; were given the option of using the CPCT to earn educational credit.

31. Many prisoners opted to switch to CPCT, as it allows aducational ctedit to be earned by making progress in their individual case management plan, even if degree or other programs jhave not been, or will not be, completed.

32. In explaining to prisoners their option to opt in to CPCT, the IDOC explicitly informed prisoners that he maximum credit days would be earned, credit class eligibility, and conduct criteria required to earn credit time stayed the same as it had been under the traditional educational credit time program.

33. However, for prisoners who chose to opt into CPCT, the IDOC has determined that the maximum amount of new educational credit time that a prisoner can receive is the lesser of two (2) years or 1/3 of the amount of time until the prisoner's EPRD.

34. This is so even though the statute continues to refer simply to "total applicable credit time," which is calculated from the beginning of a prisoner's incarceration and not from January 1, 2022.

35. This will result in prisoners participating in CPCT who have six (6) years or less remaining until their EPRD as of January 1, 2022, having their maximum amount of educational credit being reduced to a lesser amount than it would be without the CPCT program and will increase their punishment by extending their confinement; and thereby preventing an early release.

36. In computing educational credit in this manner, the IDOC is disregarding the computation of education credit established by Indiana Code § 35-50-6-3.3(j).

### Richard Dodd

37. Richard Dodd was sentenced to 55 years of imprisonment prior to July 1, 2014;

38. Richard Dodd has been incarcerated in the IDOC since 12-10-1997;

39. As of the opt in date of January 1, 2022 Dodd has served 24 years, 3 weeks, 1 days (288.6 months) or (8788 days) of accrued time and has earned 1 year and 7 months of educational credit time. This is his total applicable credit time". Dodd is in Credit class I;

40. The maximum amount of Dodd's educational credit time that may be earned is 4 years, because a third (1/3) of Dodd's total applicable credit time would be more than 8 years; therefore leaving the lesser of the two options at being at 4 years.

41. Prior to CPCT Dodd could have, as of January 1, 2022 earned an additional two years and 5 months (29 months) of educational credit. (48 months – 19 months);

42. Dodd has elected to opt into the CPCT program;

43. Under the CPCT program, the IDOC measures the amount of time between January 1, 2022 and Dodd's (EPRD) outdate of 5-31-25 (at the time); in order to determine the number of months of educational credit that Dodd may earn.

44. At the time of opting into the CPCT program, Dodd's outdate was 5-31-25, approximately 41 months from his EPRD (3 years, 4 months, 4 weeks, 2 days **or** 1246 days to be exact).

45. Rather than allow Dodd to earn the remainder of educational credit allowable (2 years and 5 months); under the CPCT program Dodd is only allowed to earn a third (1/3) of the 41 months remaining until his EPRD, or 417 days as opposed to the 2 years and five months he could earn prior to opting into the CPCT program.

46. At no time was Dodd informed that the CPCT program would reduce the educational crtedit time he could earn. To the contrary, before he opted into the CPCT program, he was repeatedly informed that it would maximize his ability to earn the full amount of educational credit time available under the Indiana law. Even the classification policy states that inmates that have earned at least a portion of their educational credit would be allowed to earn the REMAINDER of their educational credit time available under Indiana Law.

47. At no time did Dodd knowingly, voluntarily, and intelligently waive his right not to be subject to rules and interpretation of laws that violate the protection against ex post facto punishments.

48. The IDOC's interpretation of Indiana Code §35-50-6-3.3(j) is in violation of the plain language of the statute and results in Dodd being denied the opportunity to earn credit time to which he is entitled to under Indiana law; and denies him his right to an early release.

49. Dodd has exhausted all grievances remedies available to him to challenge this matter; to include classification appeals as well.

### Concluding allegations

50. Being denied the ability to earn the maximum amount of educational credit time under Indiana law is causing Dodd irreparable harm for which there is no adequate remedy at law other than compensation for time lost.

51. At all times relevant to this cause of action the defendant has acted and has refused to act according to the Indiana law when she has a duty to do so; while operating under the color of state law.

### Legal Claims

52. To the extent that the defendant is limiting the maximum amount of credit time that Dodd may earn by opting into the CPCT program by to one third (1/3) of the time between January 1, 2022 and

Dodd's EPRD; the defendants are attempting to redefine the meaning of "total applicable credit time" in violation of Indiana Code §35-50-6-3.3.

**53.**    To the extent that the defendant has altered the definition of "total applicable credit time" in Indiana code §35-50-6-3.3, and thus reducing the opportunity of Dodd to earn educational ctedit and obtain an earlier release, the defendant is violating the ex post facto provision of the United States Constitution, Article 1 § 9; and the Indiana Constitution Article 1 § 24; and to the extent that this reinterpretation is allowed by Indiana law, Indiana law violates the Ex Post Facto clause.

## REQUEST FOR RELIEF

Wherefore, plaintiff requests that this court:

1.    Declare that the defendant has violated Indiana law; the United States and Indiana Constitutions for the reasons stated above; and

2.    Enter a preliminary injunction, later to be made permanent, to use the Dodd's "total applicable credit time" in computing his eligibility for educational credit time awarded pursuant to CPCT and not the amount of time that exists between January 1, 2022 and his outdate (EPRD) (at the time 5-31-25);

3.    Award Dodd his costs of reasonable attorney fees pursuant to 42 USC § 1988; and

4.    Award Dodd substantial compensatory damages for the amount of time he has been kept past his outdate due to defendant choosing to break Indiana law and attempt to redefine the terms of Indiana law and the CPCT; and to consider the wages he could have been earning had he been released on time while holding multiple degrees.

5.    Award Dodd substantial punitive damages for defendants failure to correct their own mistakes and refusing to do what the law requires; because all of Dodd's pleas have fell on deaf ears. This will give them pause before trying something similar in the future.

6.    Award all other just and proper relief according to law.

Respectfully submitted,

*/s/ Richard J Dodd/*

Richard Dodd #912869